UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦

**LARRY KREBS,**

**Plaintiff,**

**-v-** **9:08-CV-255 (NAM/DEP)**

**THE NEW YORK STATE DIVISION OF PAROLE, et al.,**

**Defendants.**

♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦

APPEARANCES:

LARRY KREBS
02-A-2927
Shawangunk Correctional Facility
750 Prison Road, P.O. Box 700
Wallkill, New York 12589
Plaintiff, *Pro Se*

HON. ANDREW M. CUOMO, Attorney General of the State of New York
MICHAEL McCARTIN, ESQ., Assistant Attorney General
The Capitol
Albany, New York 12224-0341

**Hon. Norman A. Mordue, Chief U.S. District Judge:**

**MEMORANDUM-DECISION AND ORDER**

Plaintiff, an inmate in the custody of the New York State Department of Correctional Services (“DOCS”), brought this action under 42 U.S.C. § 1983. In his amended complaint (Dkt. No. 9) he claims primarily that he was denied due process and equal protection when the Parole Board rescinded its decision granting parole and subsequently denied parole.

Defendants move (Dkt. No. 32) to dismiss the amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The motion was referred to United States Magistrate Judge David E. Peebles pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.3(c).

Magistrate Judge Peebles has prepared an excellent Report and Recommendation (Dkt. No. 35) recommending that the amended complaint be dismissed in its entirety. Plaintiff has filed a "Reply to Report and Recommendation" (Dkt. No. 37), which the Court treats as an objection. Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court reviews *de novo* those parts of a report and recommendation to which a party specifically objects. Failure to object to any portion of a report and recommendation waives further judicial review of the matters therein. *See Roldan v. Racette,* 984 F.2d 85, 89 (2d Cir. 1993).

In considering defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) the Court accepts as true all allegations made in the amended complaint and draws all reasonable inferences in plaintiff's favor. *See Goldstein v. Pataki*, 516 F.3d 50, 56 (2d Cir. 2008). The amended complaint's factual allegations must be sufficient to raise a right to relief above the speculative level. *See id*. In view of plaintiff's *pro se* status, the Court reads his pleadings liberally and interprets them to raise the strongest arguments that they suggest. *See McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir.1999).

On *de novo* review, and taking into account plaintiff's *pro se* status, the Court finds no merit to the issues plaintiff raises in his objection. The amended complaint fails to state any right to relief against the parole officials stemming from their conduct in obtaining and considering allegedly untimely and false witness statements; the conduct falls within their quasi-adjudicative role, giving rise to absolute immunity. Nor does the amended complaint state a right to relief based on alleged due process violations. As Magistrate Judge Peebles explains, plaintiff was afforded all the due process to which he was entitled with respect to the parole decisions, and the decisions are not arbitrary and capricious. Plaintiff also fails to state an equal protection claim.

And finally, inasmuch as plaintiff has failed to state a cognizable claim for declaratory or injunctive relief, his objection to Magistrate Judge Peebles' Eleventh Amendment analysis is unavailing. Reading the amended complaint liberally and interpreting it to raise the strongest arguments that it suggests, the Court concludes that plaintiff fails to set forth grounds for his claims sufficient to raise a right to relief above the speculative level.

It is therefore

ORDERED that the Report and Recommendation (Dkt. No. 35) is accepted in its entirety; and it is further

ORDERED that defendants' motion (Dkt. No. 32) is granted and the action is dismissed on the merits.

IT IS SO ORDERED.

Date: August 17, 2009
Syracuse, New York

Norman A. Mordue
Chief United States District Court Judge